IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MARVIN WILLIE HAWKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6:16-CV-335-RP |
| | § | |
| JOE NEAL, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Joe Neal's Motion to Dismiss (Dkt. 12). The motion was referred to United States Magistrate Judge Jeffrey C. Manske for a Report and Recommendation on the merits pursuant to 28 U.S.C. § 636(b), and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. On May 2, 2017, Magistrate Judge Manske filed a Report and Recommendation in the matter, recommending that this Court grant Defendant's motion.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to the proposed findings and recommendations of the Magistrate Judge within fourteen days after being served with a copy of the Report and Recommendation, and thereby secure a de novo review by the district court. (Dkt. 15). Plaintiff timely objected to the Report and Recommendation of the Magistrate on May 17, 2017. (Dkt. 16).

Before the Court considers Plaintiff's objection, it will turn briefly to his recently filed Motion for Oral Hearing, (Dkt. 19), which Defendant opposes. In Plaintiff's motion, he asks that the Court set an oral hearing so that it can better understand the details and the history of the case and "could obtain more information necessary for the Court to make an informed decision in the matter." (Pl.'s Mot. Oral Hearing, Dkt. 19). While the Court appreciates Plaintiff's willingness to

make himself available for a hearing, the Court will deny his motion. Plaintiff has had ample opportunity to provide the Court with whatever information it should need to make a ruling on Defendant's motion to dismiss. To the extent any factual information is necessary to Plaintiff's claims, but not already before the Court, it likely cannot be considered in ruling on Defendants' motion, which requires that the Court evaluate the allegations in Plaintiff's complaint. The Court will therefore consider Defendant's motion to dismiss, and the Report and Recommendation of the magistrate without argument from the parties.

From Plaintiff's filing, the Court can discern four general objections. The Court will briefly address each of these. First, Plaintiff argues that Officer Neal is not entitled to qualified immunity. The Court first notes that while the Magistrate Judge's report raises the issue of qualified immunity, it is not obviously critical to his analysis—instead, the magistrate appears to hold that Plaintiff has failed to plausibly allege a constitutional violation irrespective of what additional protection Defendant is entitled to because of his qualified immunity. However, Defendant is nevertheless entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Plaintiff himself alleges that Defendant was a government official—a police officer, acting as one—at the time of the events at issue. Further, this Court agrees with the Magistrate Judge's report that Plaintiff has failed to allege a clear violation of his constitutional rights.

Second, Plaintiff argues that his right to assist citizens filing a complaint against a police officer is a "protected right" sufficient to give rise to a claim for retaliation. Plaintiff cites no case to support this assertion. However, as both the Report and Recommendation and Defendant's response to Plaintiff's objection point out, assisting someone else in filing a complaint is not a

personal constitutional right. *See Shaw v. Murphy*, 532 U.S. 223, 230–32 (2001) (holding that inmates do not possess a specific First Amendment right to provide legal assistance to fellow inmates); *Henrise v. Horvath*, 174 F. Supp. 2d 493, 499 (N.D. Tex. 2001) (holding that a friendship with someone who has complained, where not directly related to that person's complaint, is not constitutionally protected by the First Amendment). And, as the Report and Recommendation and Defendant's response also notes, even it were a constitutionally protected right, the stop and citation alleged by Plaintiff are not sufficient to constitute retaliation. *See Dickinson Leisure Indus. v. City of Dickinson*, 329 F. Supp. 2d 835, 847 (S.D. Tex. 2004) ("The Court concludes that a ticket for a minor infraction, quickly dismissed, is not sufficiently intimidating to chill the speech of a person of ordinary firmness.").

Third, Plaintiff argues that the unlawful traffic stop is sufficient to serve as an element of an intentional infliction of emotional distress claim and a retaliation claim. Regardless of Plaintiffs arguments regarding his IIED claim, however, Defendant is entitled to immunity for this state-law claim. *Tipps v. McCraw*, 945 F. Supp. 2d 761, 768 (W.D. Tex. 2013) (holding that the claim of IIED must be dismissed because, under Tex. Civ. P. & Rem. Code § 101.106(f), the claim "could have been brought under" the Texas Claims Tort Act against the governmental unit). Further, as the Report and Recommendation makes clear, even if immunity was not at issue, Plaintiff makes only a conclusory allegation that Defendant's actions were "so extreme and outrageous in character . . . as to go beyond all possible bounds of decency." The specific allegations about Defendant's conduct do not support this conclusory allegation.

Fourth, Plaintiff argues that Defendant's decision to stop and ticket Plaintiff for loud music was a per se violation of Plaintiff's Fourth Amendment rights because the ticket was later dismissed, and that Plaintiff cannot prove a negative, or a lack of probable cause for the stop at this stage. This argument is thoroughly addressed by the Magistrate Judge's Report and Recommendation.

Generally, it is an inconvenience, not a constitutional violation, to be stopped for a traffic ticket. Although Plaintiff argues his music was not on, only his GPS, when he was cited for loud music, Plaintiff alleges nothing about this particular traffic stop, which he says lasted fifteen to forty-five minutes, which would suggest the Defendant's behavior was unreasonable.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge (Dkt. 15) is **APPROVED AND ACCEPTED** for the reasons stated therein.

The Court hereby **GRANTS** Defendant's Motions to Dismiss (Dkt. 12). Plaintiff's claims against Defendant are **DISMISSED**.

Further, the Court hereby **DENIES** Plaintiff's Motion for Oral Hearing. (Dkt. 19)

**SIGNED** on August 2, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE